

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 29 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF TEXAS
DALLAS DIVISION**

JETPAY MERCHANT SERVICES, LLC, )
      )
    Plaintiff, )
      )
v. )
      )
MARK J. MILLER, PING SHIH, and )
BRIAN KELLY, )
      )
    Defendant. )

Case No. **3 - 0 7 C V 0 9 5 0 - G**

## NOTICE OF REMOVAL

    Defendants Mark J. Miller, Ping Shih and Brian Kelly ("Defendants"), by and through their attorneys of record, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and Local Rule 81.1, and respectfully show this Court as follows:

### I. STATEMENT OF THE CASE

    1.    On April 27, 2007, Plaintiff JetPay Merchant Services, LLC, filed a civil action against Defendants entitled *JetPay Merchant Services, LLC v. Mark J. Miller, Ping Shih, and Brian Kelly,* Cause No. 07-03838, in the 14th Judicial District Court of Dallas County, Texas (the "State Court Action").  Plaintiff served the petition on Defendants via hand delivery, but no returns of service are on file.

### II. GROUNDS FOR REMOVAL

    2.    The removal of this action is based upon federal diversity jurisdiction. This Court has federal diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because: (i) Plaintiff is a Texas limited liability company (with citizenships of Michigan

and Texas),[1] (ii) Defendants are citizens of California,[2] and (iii) Plaintiff seeks damages in excess of the $75,000 requirement for diversity jurisdiction. Plaintiff seeks to have Defendants pay damages stemming from allegations of negligent misrepresentation and breaches of fiduciary duty to Plaintiff. *See* Petition, ¶47.

3.      There exists complete diversity of citizenship between Plaintiff and Defendants at the time Plaintiff's Petition was filed and complete diversity has existed at all times from commencement of this lawsuit to the present time.

### III. PROCEDURAL REQUIREMENTS ARE MET FOR REMOVAL TO FEDERAL COURT

4.      In accordance with the provisions of 28 U.S.C. 1446(a) and Local Rule 81.1(a)(3), certified copies of the docket sheet, and all process, pleadings and orders in the State Court Action are attached hereto as the Appendix in Support of Removal (the "Appendix").

5.      This removal complies with all applicable time limits because thirty (30) days has not elapsed since receipt of Plaintiff's Original Petition. 28 U.S.C. § 1446(a); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 119 S.Ct. 1322, 1328 (1999).

6.      Pursuant to L.R. 81.1(a)(1)-(3), Defendants are filing an original and one copy of a completed civil cover sheet, an original and one copy of a supplemental civil cover sheet, and an original and one copy of this Notice of Removal, to which is attached to the Appendix a copy of each of the following:

---

[1] Each of Plaintiff's member's citizenship is diverse from that of Defendants (all citizens of California). Defendants request that the Court take judicial notice of the pleadings of citizenship for Plaintiff in *Jet Pay Merchant Services, LLC f/k/a Standard Payments, LLC v. Spark Networks, PLC/ f/k/a Matchnet, PLC,* Ca. No. 3:06-CV-0357-D, United States District Court, Northern District of Texas, Dallas Division, listing the Plaintiff's members' citizenship as Michigan and Texas.
[2] *See* Declarations of Mark J. Miller, Ping Shih and Brian Kelly, attached to Defendants' Appendix in Support of Removal.

    i.   Index of state court documents;

    ii.   A copy of the docket sheet in the state court action;

    iii.   Each document filed in the state court action, arranged in chronological order according to the state court file date; and

    iv.   A copy of the certificate of interested persons that complies with L.R. 3.1(f), filed simultaneously with this Notice of Removal.

    v.   Declarations of each of the Defendants.

7.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

WHEREFORE, Defendants Mark J. Miller, Ping Shih, and Brian Kelly request that all proceedings in the State Court Action be discontinued and Case No. 07-03838 be removed to the United States District Court for the Northern District of Texas, Dallas Division, and that the Court assume full jurisdiction over such action as provided by law.

Respectfully submitted, this 27ᵗʰ day of May, 2007.

_____
Brant C. Martin
State Bar No. 24002529
J. Sean Lemoine
State Bar No. 24027334

WICK PHILLIPS, LLP
500 N. Akard Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record this 29 day of May, 2007, via facsimile as follows:

Alan Greenspan
Jackson Walker, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Facsimile: 214.953.5822

Brant C. Martin

# UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JETPAY MERCHANT SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| MARK J. MILLER, PING SHIH, and BRIAN KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## APPENDIX IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

| <u>TAB</u> | <u>DATE</u> | <u>DESCRIPTION</u> |
|---|---|---|
| 1. | | Index of Documents filed in State Court |
| 2. | 05.22.07 | Certified Copy of Docket Sheet for DC-07-03838 |
| 3. | 04.27.07 | Cover letter to District Clerk |
| 4. | 04.27.07 | Original Petition |
| 5. | 05.26.07 | Declaration of Mark J. Miller |
| 6. | 05.28.07 | Declaration of Ping Shih |
| 7. | 05.29.07 | Declaration of Brian Kelly |



**UNITED STATES DISTRICT COURT**
**NORTHERN DIVISION OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JETPAY MERCHANT SERVICES, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Case No.** _____ |
| **MARK J. MILLER, PING SHIH, and BRIAN KELLY,** | ) ) ) | |
| Defendant. | ) ) | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| TAB | DATE | DESCRIPTION |
|---|---|---|
| 1. | | Index of Documents filed in State Court |
| 2. | 5.22.07 | Certified Copy of Docket Sheet for DC-07-03838 |
| 3. | 04.27.07 | Cover letter to District Clerk |
| 4. | 04.27.07 | Original Petition |

**INDEX OF DOCUMENTS FILED IN STATE COURT – Page 1**



# CASE SUMMARY
## CASE NO. DC-07-03838

| | | | |
|---|---|---|---|
| JETPAY MERCHANT SERVICES LLC | § | Location: | **14th District Court** |
| vs. | § | Judicial Officer: | **MURPHY, MARY** |
| MARK MILLER et al | § | | |
| | § | Filed on: | **04/27/2007** |
| | § | | |

---

### CASE INFORMATION

Case Type:  **COMMERCIAL DISPUTE**
Sub Type:  **FRAUD/MISREPRESENTATION**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **JETPAY MERCHANT SERVICES LLC** | **GREENSPAN, ALAN N**  214-953-5912 |
| **DEFENDANT** | **KELLY, BRIAN** | |
| | **MILLER, MARK J** | |
| | **SHIH, PING** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/27/2007 | ORIGINAL PETITION (OCA) | |
| 04/27/2007 | ISSUE CITATION | |
| 04/30/2007 | **CITATION** | |
| | MILLER, MARK J                  unserved | |
| | SHIH, PING                       unserved | |
| | KELLY, BRIAN                    unserved | |
| 05/25/2007 | **Status Conference** (5:00 PM)  (Judicial Officer: MURPHY, MARY) | |
| | *NOT A HEARING* DOCKETING PURPOSES ONLY (ADMINISTRATOR ONLY).* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF** JETPAY MERCHANT SERVICES LLC | |
| | Total Charges | 241.00 |
| | Total Payments and Credits | 241.00 |
| | **Balance Due as of  5/22/2007** | **0.00** |

*Printed on 05/22/2007 at 9:38 AM*

# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

STYLED  Jet Pay Merchant      v.  Miller et al

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of filing, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. Check (✔) all applicable boxes.

**Plaintiff(s)**
☐ Pro Se  Jet Pay Merchant Services, LLC
Address _____
Telephone/Fax _____
E-mail _____

☐ Attorney for Plaintiff(s)  Alan Greenspan
State Bar No. 08402975
Address 901 Main Street
Dallas TX 75202
Telephone/Fax (214) 953-6182 (214) 953-5822
E-mail a.greenspan@jw.com

**Defendant(s)** (list separately)
Mark J. Miller
Ping Shih
Brian Kelly

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

☐ Administrative Appeal
☐ Bill of Review
☐ Certiorari
☐ Code Violations
☐ Condemnation
☐ Construction
☐ Debt/Contract
☐ Defamation
☑ Other Commercial Dispute
  ☐ Antitrust/Unfair Comp
  ☐ Consumer/DTPA
  ☐ Franchise
  ☒ Fraud/Misrep
  ☐ Intellectual Property
  ☐ Non-Competes
  ☐ Partnership
  ☐ Securities/Stock
  ☐ Tortious Interference
  ○ Other Commercial
☐ Discipline
☐ Discovery
  ☐ Rule 202 Depositions
  ☐ Commissions
  ☐ Subpoena
  ☐ Letters Rogatory
  ○ Other Discovery
☐ Employment
  ☐ Discrimination
  ☐ Retaliation

☐ Termination
  ○ Other Employment
☐ Foreclosure
  ☐ R 736
  ☐ Other than R 736
☐ Foreign Judgment
☐ Insurance
☐ Mass Tort/MDL/Rule 11
  ☐ Asbestos
  ☐ Baycol
  ☐ Breast Implant
  ☐ Firestone
  ☐ Phen-Fen
  ☐ Silica
  ○ Other Multi-Party
☐ Motor Vehicle Accident
☐ Other Personal Injury
  ☐ Assault/Battery
  ☐ Product
  ☐ Premises
  ☐ Other Personal Injury
☐ Name Change
☐ Post-Judgment
☐ Professional Liability
  ☐ Accounting
  ☐ Legal
  ☐ Med/Mal
  ☐ Other Prof. Liab.
☐ Property

☐ Partition
☐ Quiet Title
☐ Trespass/Try Title
○ Other Property
☐ Prejudgment Remedy
☐ Seizure/Forfeiture
☐ Tax
  ☐ Tax Appraisal
  ☐ Tax Delinquency
  ☐ Tax Land Bank
  ☐ Tax Personal
  ☐ Tax Real
☐ Workers Comp
☐ Other

**ADDITIONAL SUB-TOPICS**
☐ Attachment
☐ Bill of Discovery
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Receiver
☐ Sequestration
☐ Severance
☐ TRO/Injunction
☐ Turnover

## DISCOVERY LEVEL   ☐ Level 1   ☒ Level 2   ☐ Level 3

### Local Rule 1.08 Certification (Must be completed and signed)
☒ This case is not subject to transfer pursuant to Local Rule 1.07, OR
☒ This case is related to another case filed or disposed of in Dallas County:
Court: _____ Style: _____ Case No. _____

Alan Greenspan
**Attorney's Signature**





JW

JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

Megan H. Brignon
Direct Dial: (214) 953-5873
Direct Fax: (214) 953-5822
mbrignon@jw.com

April 27, 2007

**VIA HAND DELIVERY**

Gary Fitzsimmons
District Clerk of Dallas County
George L. Allen, Sr., Courts Building
600 Commerce Street
Dallas, Texas 75202

      **Re:**    Cause No. _____; *JetPay Merchant Services, LLC v. Mark J. Miller, Ping Shih, and Brian Kelly*; **In the District of Dallas County**

Dear Mr. Fitzsimmons:

    Enclosed is are original and three copies of Plaintiff's Original Petition in the above-referenced matter. Please file the original document and return a file-marked copy to me. Also enclosed is Check No. 461997 in the amount of $241.00, which represents the fee for filing and preparation of citations.

    If you have any questions, please give me a call.

               Very truly yours,

               Megan H. Brignon

MHB:tk

Enclosures



CAUSE NO. 07-03838

*FILED*

*2007 APR 27 PM 5: 08*

*GARY FITZSIMMONS*
*DISTRICT CLERK*
*DALLAS CO., TEXAS*
*DEPUTY*

| | | |
|---|---|---|
| JETPAY MERCHANT SERVICES, LLC, | § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| MARK J. MILLER, PING SHIH, and BRIAN KELLY, | § § § | |
| | § § | A-14th |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Plaintiff JetPay Merchant Services, LLC ("JetPay") and files this its Original Petition complaining of Mark J. Miller, Ping Shih, and Brian Kelly (collectively "Defendants") and for cause of action respectfully would show the Court the following:

### I.

### DISCOVERY CONTROL PLAN

1.    Discovery will be conducted in the case under Level 2 of Tex. R. Civ. P. 190, until a scheduling order has been entered by the Court.

### II.

### PARTIES AND SERVICE

2.    Plaintiff JetPay Merchant Services LLC is a Texas limited liability company with its principal place of business in Carrollton, Dallas County, Texas.

3.    Defendant Mark J. Miller ("Miller") is an individual resident of the state of California.  This Defendant may be served (i) by delivering to him, in person, a copy of the

**PLAINTIFF'S ORIGINAL PETITION** - Page 1

citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, (ii) by mailing to him by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto, (iii) by substituted service on the Texas Secretary of State under section 17.044(b) of the Texas Civil Practice and Remedies Code, because he is a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, and this proceeding arises out of the business he has done in this state, or (iv) by any other method of service or substituted service permitted by statute or rule. This Defendant's home or home office address is 2629 Foothill Boulevard #388, La Crescenta, CA 91214. 

4.    Defendant Ping Shih is an individual resident of the state of California. This Defendant may be served (i) by delivering to him, in person, a copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, (ii) by mailing to him by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto, (iii) by substituted service on the Texas Secretary of State under section 17.044(b) of the Texas Civil Practice and Remedies Code, because he is a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, and this proceeding arises out of the business he has done in this state, or (iv) by any other method of service or substituted service permitted by statute or rule. This Defendant's business address is 21700 Oxnard Street #1430, Woodland Hills, CA 91367.

5.    Defendant Brian Kelly is an individual resident of the state of California. This Defendant may be served (i) by delivering to him, in person, a copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, (ii) by mailing to him

by registered or certified mail, return receipt requested, a true copy of the citation with a copy of

the petition attached thereto, (iii) by substituted service on the Texas Secretary of State under

section 17.044(b) of the Texas Civil Practice and Remedies Code, because he is a nonresident

who engages in business in this state, but does not maintain a regular place of business in this



state or a designated agent for service of process, and this proceeding arises out of the business

he has done in this state, or (iv) by any other method of service or substituted service permitted

by statute or rule.  This Defendant's home or home office address is 1750 B 14th Street, Santa

Monica, CA 90404.

### III.

### JURISDICTION AND VENUE

6.      Subject matter jurisdiction is proper in this Court pursuant to section 24.007 of the

Texas Government Code.   In addition, the claims asserted herein exceed the minimum

jurisdictional limits of the Court.

7.      The Court has general jurisdiction, and in the alternative specific jurisdiction,

over Defendants because, upon information and belief, (i) they each have routinely and

purposefully done business in the State of Texas, (ii) they each have committed a tort in whole or

in part in this state, and/or (iii) they each have had minimum contacts with the State of Texas

which are sufficient that substantial justice and fair play allow Texas state courts to exercise

jurisdiction over each of them.

8.      Venue is proper in Dallas County pursuant to section 15.002(a)(1) of the Texas

Civil Practice and Remedies Code because this is the county in which all or a substantial part of

the events or omissions giving rise to the claims herein occurred.   In the alternative, venue is

proper in Dallas County pursuant to section 15.002(b) of the Texas Civil Practice and Remedies

Code because this is the county in which plaintiff resided at the time of the accrual of the causes of action alleged herein.

## IV.

## FACTUAL BACKGROUND

**JetPay Merchant Services**

9.      JetPay is a Texas limited liability company engaged in the business of providing transaction processing products and merchant account support to its clients.  JetPay is retained by companies who accept credit cards from their customers in payment for goods or services provided.  JetPay establishes merchant accounts for these companies at acquiring banks and facilitates the processing of the credit card transactions.

10.      Pursuant to the agreements between the merchants, acquiring banks, issuing banks, processors, merchant services providers, and the credit card companies (such as Visa and MasterCard), certain risks are allocated between the industry participants with respect to charge backs for fraudulent or unauthorized purchases, returns, and similar circumstances.  Charge backs carry with them substantial fees, fines and penalties.

11.      As an experienced merchant services provider, JetPay has learned of various risk factors which increase the probability of charge backs from one of its merchants.  It has adopted screening procedures to avoid doing business with merchants who have significant risk factors, and inquires of all potential merchants to determine the existence of these risk factors before entering into agreements or relationships with them.

12.      One of the risk factors that JetPay has identified is whether or not the company has its own inventory, which it ships itself, or whether it uses a third party to fulfill orders.  In the event that fulfillment is done by a third party, an additional risk factor is whether that third party is a domestic entity or is located overseas.

13.     A merchant services agreement is a three-party agreement between the merchant, the merchant services provider, and an acquiring bank. By its terms, the merchant services agreement is not effective until the acquiring bank has signed it, and any party can withdraw from the agreement prior to the acquiring bank's execution.

**USN and Defendants**

14.     The Defendants all are or were officers, directors or agents of USN Corporation and/or USN Television Group, Inc. (collectively "USN") during the time period relevant to the allegations made in this litigation. USN purported to sell collectable coins, jewelry, and watches over the internet and on television.

15.     During the time period relevant to the allegations made in this litigation, the debts of USN far exceeded its assets, and USN was insolvent or on the brink of insolvency.

**Investigation by JetPay and Contract with USN**

16.     In or around early 2004, USN contacted JetPay about the possibility of JetPay serving as the merchant services provider for USN. JetPay's president, David Tepoorten, met with Ping Shih, who was then the CFO of USN, and Brian Kelly who was an agent of USN, in Las Vegas, Nevada, and discussed the possibility of JetPay providing merchant services for a portion of USN's credit card transactions.

17.     Over the course of approximately the next six months after this initial meeting, JetPay performed a substantial amount of due diligence to determine the risks associated with doing business with USN. This due diligence primarily involved learning how USN did business in order to make sure that there was minimal risk of charge backs.

18.     During the course of its due diligence, JetPay inquired of USN, and was assured by some or all of the Defendants, that fulfillment was done by USN, and not by a third party. JetPay was assured that fulfillment was done by USN at its offices in California. Defendants

knew that JetPay was relying upon these assurances and was basing its decision to enter into a business relationship with USN upon these assurances.

19.     Following the completion of its own due diligence, JetPay submitted a proposed merchant services agreement to USN for signature. JetPay itself signed the Merchant Agreement on July 7, 2004, and thereafter submitted the proposed agreement to the acquiring bank.

20.     Like JetPay, the acquiring bank required confirmation of the fulfillment arrangements prior to executing and effectuating the proposed agreement. The acquiring bank required that JetPay obtain written confirmation of the fulfillment arrangements. Thus, on or around July 8, 2004, David Tepoorten sent Ping Shih an e-mail seeking written confirmation as to whether USN shipped products directly from its office, or if a third party supplier was responsible for fulfillment. Mr. Ping Shih, USN's Chief Financial Officer at the time, responded with the following e-mail:

**From:** Ping Shih [mailto:pshih@usntvg.com]
**Sent:** Thursday, July 08, 2004 3:52 PM
**To:** David L. Tepoorten
**Subject:** RE: Fulfillment

We ship directly from our office at 2121 Ave of the Stars.

No drop ship from suppliers.
UPS reference: Shipper Account Number 3Y6F75

21.     Based on Mr. Shih's representation regarding shipping,  JetPay allowed the acquiring bank to sign the agreement and thereby make it effective.

22.     In or around 2005, Mark Miller became the new CEO of USN, and Ping Shih, the former CEO, left the company. Due to this change, and in order for the new CEO to be a signatory to the Merchant Agreement, the companies entered into a new Merchant Agreement. JetPay entered into the Merchant Agreement in 2005 in reliance upon the representation that USN fulfilled orders by "ship[ping] directly from [its] offices at 2121 Ave of the Stars."

**PLAINTIFF'S ORIGINAL PETITION** - Page 6

23.     Under both Merchant Agreements, JetPay had the absolute right to terminate, with or without cause, upon 30 days' written notice.

24.     In or around September 2006, JetPay began to incur losses on the USN merchant account as a result of unfunded credit (refund) transactions and uncollectible chargebacks and discount fees.

25.     On or around October 2006, David Tepoorten met with Mark Miller, JetPay's CEO at the time, in order to resolve the chargeback problem. During this meeting, Mark Miller stated that the cause of the chargeback issue was that customers were not satisfied with their products and had returned them. This statement, however, was not true.

26.     As JetPay would later discover, virtually all of the chargebacks were the result of USN's failure to ship product to purchasers whose credit cards nevertheless were charged for the merchandise. Furthermore, JetPay also would later discover that USN was not doing its own fulfillment. Rather, according to USN, and contrary to numerous representations otherwise prior to entry into the Merchant Agreements and during the terminable relationships, USN had a third party fulfillment vendor in India.

27.     In order to further investigate the chargeback issue, David Tepoorten also met with USN's IT representative during this time, Raj Halaharvi. During this meeting, Halaharvi provided Tepoorten with a listing of transactions that JetPay had serviced but where shipment was never fulfilled. The meeting between Tepoorten and Halaharvi, and the information that Halaharvi provided Tepoorten, is evidence that Defendants knew or should have known about the problems regarding fulfillment.

28.     As a result of what it discovered in or about October 2006, JetPay considered terminating the Merchant Agreement. Had the termination occurred, JetPay might have avoided

future losses, but the termination likely would have prevented USN from making future sales of its products. In order to avoid this, on or around October 13, 2006, USN convinced JetPay not to terminate in exchange for its written agreement to make three separate payments to JetPay of $135,202.00. The purpose of this agreement was to reimburse JetPay for part of its losses, while enabling USN to remain a going concern.

29.     On or around October 17, 2006, JetPay requested the first $135,202.00 payment that was promised in the October 13, 2006 reimbursement agreement. Defendant Mark Miller stated that wire had missed cut off, and that it would be sent the next day. In truth, though, the wire was not sent the next day, and it was later revealed in a meeting with Mark Miller that there had never been an attempt to send the wire on October 17 as promised.

30.     USN subsequently entered into another reimbursement agreement on or around October 18, 2006, whereby a reserve account was created. This second reimbursement agreement again was in lieu of JetPay terminating the Merchant Agreement and forcing USN to cease operations.

31.     JetPay continued to incur losses as a result of the shipment fulfillment issue until December of 2006 and was never reimbursed for these losses by USN. To date, JetPay has incurred approximately $4 million in losses, and continues to incur additional losses.

**V.**

## NEGLIGENT MISREPRESENTATION AGAINST MARK J. MILLER

32.     JetPay incorporates by reference the factual allegations of section IV of this Petition as if fully stated herein.

33.     Defendant Mark J. Miller made false representations to JetPay, including, without limitation, (i) by stating that the cause of the chargeback issue was that customers were not satisfied with their products and had returned them, (ii) by promising that USN would reimburse

JetPay pursuant to the various agreements to do so, and, (iii) by stating that a wire transfer had missed cut off, and that it would be sent the next day.

34.     These representations were both false statements of fact for the guidance of others.

35.     Defendant did not exercise reasonable care when he made these representations.

36.     JetPay reasonably relied on these representations and continued to do business with and enter into subsequent contracts with USN.

37.     JetPay suffered a pecuniary loss as a result of Defendants' negligent misrepresentations in an amount estimated at approximately $4 million, for which JetPay hereby sues.

## VI.

## NEGLIGENT MISREPRESENTATION AGAINST PING SHIH

38.     JetPay incorporates by reference the factual allegations of Section IV of this Petition as if fully stated herein.

39.     Defendant Ping Shih made a false representation to JetPay when he stated that USN shipped products directly from its office, rather than from a third party supplier.

40.     This representation was a false statement of fact for the guidance of others.

41.     Defendant did not exercise reasonable care when he made this representation.

42.     JetPay reasonably relied on this representation.

43.     JetPay suffered a pecuniary loss as a result of Defendant's negligent misrepresentation in an amount estimated at approximately $4 million, for which JetPay hereby sues.

## VII.

## BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS

44.     JetPay incorporates by reference the factual allegations of Section IV of this Petition as if fully stated herein.

45.     At all times that JetPay and USN were doing business pursuant to the Merchant Agreement, USN was insolvent or on the brink of insolvency.  As a result, Defendants, as officers and/or directors of USN, owed a fiduciary duty to JetPay, which was a creditor of USN.

46.     The Defendants breached their fiduciary duties to JetPay.  These breaches of fiduciary duty include, without limitation,  (i) failing to notify, or failing to cause USN to notify, JetPay that fulfillment was not being done by USN, but rather was being done by a third party vendor, (ii) failing to notify, or failing to cause USN to notify, JetPay that USN's fulfillment was being done by a third party located in India, (iii) failing to notify, or failing to cause USN to notify, JetPay that USN's third party vendor was not shipping product to USN's customers, although the customers' credit cards were being processed for the cost of the products, (iv) failing to take reasonable and necessary steps, or failing to cause USN to take reasonable and necessary steps, to ensure that orders received by USN were fulfilled through the shipment of product to its customers, (v) failing to terminate, or failing to cause USN to terminate, USN's relationship with the third party vendor located in India and either fulfilling customer orders itself or retaining a more reliable vendor to manage order fulfillment, and, (vi) continuing to sell, or allowing USN to continue to sell, product to customers, and accepting credit card payments from them, without ensuring that products purchased would actually be shipped.

47.     The Defendants' breaches of fiduciary duty proximately caused actual damages to JetPay in an amount estimated at approximately $4 million, for which JetPay hereby sues.

## VIII.

### JURY DEMAND

52.     Plaintiff requests a trial by jury for all issues brought in its causes of action and submits herewith the requisite jury fee.

## IX.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer; and that upon final hearing, Plaintiff be awarded the following relief:

a.      Judgment against Mark J. Miller for negligent misrepresentation in the full amount of JetPay's damages;

b.      Judgment against Ping Shih for negligent misrepresentation in the full amount of JetPay's damages;

c.      Judgment against all Defendants for breach of their fiduciary duty in the full amount of JetPay's damages;

d.      Pre-judgment interest as allowed by law;

e.      Post-judgment interest as allowed by law;

f.      Reasonable and necessary attorney's fees;

g.      All costs of court; and

h.      Any such other and further relief, both general and special, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _____
    Alan N. Greenspan
    State Bar No. 08402975
    901 Main Street, Suite 6000
    Dallas, TX 75202
    (214) 953-6000
    (214) 953-5822 - Fax

ATTORNEYS FOR PLAINTIFF JETPAY
MERCHANT SERVICES, LLC



## UNITED STATES DISTRICT COURT
### NORTHERN DIVISION OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JETPAY MERCHANT SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| MARK J. MILLER, PING SHIH, and BRIAN KELLY, | ) ) ) | |
| Defendant. | ) | |

### DECLARATION OF MARK J. MILLER

Mark J. Miller declares as follows:

1.      My name is Mark J. Miller.  I am over eighteen years of age and have personal knowledge that the contents of this Declaration are true.

2.      I have reviewed Plaintiff's Original Petition, including the request for damages.  For the time period covered by the allegations in the Plaintiff's Original Petition, I was and continue to be both a citizen and resident of the State of California.

3.      The damages total more than $4 million, in the event Defendants were required to pay Plaintiff's requested amount.

4.      I am the Chief Executive Officer of USN Corporation ("USN") which is incorporated in the state of Colorado, and the Chief Exeutive Officer of USN Television Group, Inc. ("USN TV"), which is incorporated in the state of Delaware.

I declare under perjury that the foregoing is true and correct.

DECLARATION OF MARK J. MILLER – Page 1

EXECUTED this **26** day of May, 2007.

_____
Mark J. Miller

**DECLARATION OF MARK J. MILLER – Page 2**



# UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JETPAY MERCHANT SERVICES, LLC,** | ) | |
| | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | **Case No.** _____ |
| **v.** | ) | |
| | ) | |
| **MARK J. MILLER, PING SHIH, and BRIAN KELLY,** | ) | |
| | ) | |
| | ) | |
|    **Defendant.** | ) | |

## DECLARATION OF PING SHIH

Ping Shih declares as follows:

     1.     My name is Ping Shih.  I am over eighteen years of age and have personal knowledge that the contents of this Declaration are true.

     2.     I have reviewed Plaintiff's Original Petition, including the request for damages.  For the time period covered by the allegations in the Plaintiff's Original Petition, I was and continue to be both a citizen and resident of the State of California.

     3.     The damages total more than $4 million, in the event Defendants were required to pay Plaintiff's requested amount.

     4.     From October 2003 to October 2004, I was the Chief Financial Officer of USN Corporation ("USN") which is incorporated in the state of Colorado, and the Chief Financial Officer of USN Television Group, Inc. ("USN TV"), which is incorporated in the state of Delaware.

EXECUTED this 28th day of May, 2007.

_____
Ping Shih



## UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JETPAY MERCHANT SERVICES, LLC, | ) )  ) |
|     Plaintiff, | ) )  Case No. _____ _____ |
| v. | ) ) |
| MARK J. MILLER, PING SHIH, and BRIAN KELLY, | ) ) ) |
|     Defendant. | ) ) |

### DECLARATION OF BRIAN KELLY

Brian Kelly declares as follows:

1.      My name is Brian Kelly.  I am over eighteen years of age and have personal knowledge that the contents of this Declaration are true.

2.      I have reviewed Plaintiff's Original Petition, including the request for damages.  For the time period covered by the allegations in the Plaintiff's Original Petition, I was and continue to be both a citizen and resident of the State of California.

3.      The damages total more than $4 million, in the event Defendants were required to pay Plaintiff's requested amount.

4.      I am a founder of USN Corporation ("USN") which is incorporated in the state of Colorado and a founder of of USN Television Group, Inc. ("USN TV"), which is incorporated in the state of Delaware.

I declare under perjury that the foregoing is true and correct.

EXECUTED this ⟨28⟩ day of May, 2007.

_____
Brian Kelly

**United States District Court**
**Northern District of Texas**

3-07CV0950-G



**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.**
**District Clerk's Office.  Additional sheets may be used as necessary.**

ORIGINAL

1.    **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| <u>Court</u> | <u>Case Number</u> |
|---|---|
| 14th Judicial District Court | 07-03838 |

2.    **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| JetPay Merchant Services, L.L.C., Plaintiff | Alan Greenspan<br>State Bar No. 08402975<br>Jackson Walker, L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br>Telephone: 214.953.6000 |
| Mark J. Miller, Defendant | Brant C. Martin<br>State Bar No. 24002529<br>Wick Phillips, LLP<br>500 N. Akard, Suite 2100<br>Dallas, Texas 75201<br>Telephone: 214.692.6200 |

**Supplemental Civil Cover Sheet**
**Page 2**

Ping Shih, Defendant

Brant C. Martin
State Bar No. 24002529
Wick Phillips, LLP
500 N. Akard, Suite 2100
Dallas, Texas 75201
Telephone: 214.692.6200

Brian Kelly, Defendant

Brant C. Martin
State Bar No. 24002529
Wick Phillips, LLP
500 N. Akard, Suite 2100
Dallas, Texas 75201
Telephone: 214.692.6200

3.    **Jury Demand:**

Was a Jury Demand made in State Court?        Yes **XX**   No

If "*Yes*," by which party and on what date?

| Plaintiff | April 27, 2007 |
|---|---|
| Party | Date |

4.    **Answer:**

Was an Answer made in State Court?        Yes     No **XX**

If "*Yes*," by which party and on what date?

| | |
|---|---|
| Party | Date |

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|---|---|

Not applicable

**Supplemental Civil Cover Sheet**
**Page 2**

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

<u>**Party**</u>                                                          <u>**Reason**</u>

                  Not applicable

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

<u>**Party**</u>                                                          <u>**Claim(s)**</u>

        Plaintiff                                               Negligent Misrepresentation
                                                                Breach of fiduciary duty

**JS 44** (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Jet-Pay Merchant Services, LLC | Mark J. Miller, Ping Shih, Brian Kelly |
| | **3-07CV0950-G** |

| (b)   County of Residence of First Listed Plaintiff ____Dallas____ | County of Residence of First Listed Defendant ____Los Angeles____ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

**ORIGINAL**

| (c)   Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Alan Greenspan, Jackson Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202, Telephone: 214.953.6000 | Brant C. Martin, Wick Phillips, LLP, 500 N. Akard, Suite 2100, Dallas, TX  Telephone: (214)692-6200 75201 |

**RECEIVED** MAY 29 2007 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN  (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  28 U.S.C. 1332 Diversity Jurisdiction

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:     JURY DEMAND:  ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) PENDING OR CLOSED  (See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE  5/29/07     SIGNATURE OF ATTORNEY OF RECORD  _Brant C. Martin_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____