UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| JETPAY MERCHANT SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0950-G |
| MARK J. MILLER, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |


## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Mark J. Miller ("Miller"),

Ping Shih ("Shih"), and Brian Kelly ("Kelly") (collectively, "the defendants"), to

dismiss the first amended complaint of the plaintiff Jetpay Merchant Services, LLC

("JetPay" or "the plaintiff") under Rule 12(b)(6), F.R. Civ. P.  For the reasons

discussed below, the defendants' motion to dismiss is granted in part and denied in

part.

## I.  BACKGROUND

The plaintiff, JetPay Merchant Services, LLC, is engaged in the business of

providing transaction processing products and merchant account support to clients

who accept credit cards from their customers. JetPay establishes merchant accounts for these companies at acquiring banks and facilitates the processing of credit card transactions. Plaintiff's Amended Complaint ("Amended Complaint") ¶ 8. Whenever a transaction processing agreement is established, certain risks are allocated among the various parties, which include the merchants, acquiring banks, issuing banks, and credit card companies. *Id.* ¶ 9. A primary area of concern for the parties are "charge backs" for fraudulent or unauthorized purchases, which carry with them substantial fees, fines, and penalties. *Id.* Before entering into an agreement with a company, JetPay investigates the merchant to identify the existence of certain risk factors, such as whether or not the merchant has its own inventory, and whether or not the merchant uses a third party to fulfill orders, all of which affect the likelihood of incurring charge back costs. *Id.* ¶ 11.

JetPay alleges that the defendants, acting as directors or officers of USN Corporation and/or USN Television Group, Inc. (collectively, "USN"), conspired to mislead JetPay regarding USN's business model in an effort to secure Jetpay's merchant services for USN. *Id.* ¶¶ 13-17. It further alleges that the defendants misrepresented the way in which USN shipped goods to its customers, inducing JetPay to enter into an agreement it would otherwise have avoided. *Id.* ¶¶ 18-23. The plaintiff entered into an agreement with USN in July of 2004. *Id.* In September of 2006, the plaintiff began to incur losses on the USN account as a result of

unfunded credit transactions, uncollectible charge backs, and discount fees. *Id*. ¶ 24.

JetPay sought to discover the reason for the account's problems, at which point the

defendant Miller allegedly provided a deceptive explanation that USN's customers

were dissatisfied with their products and had returned them. In the fall of 2006,

JetPay discovered that USN was not actually shipping any products to their

customers, and additionally that USN was allegedly using a third party in India to

fulfill orders. *Id*. ¶¶ 25-26. The plaintiff further avers that the defendants

misrepresented that USN would reimburse JetPay for its losses, stringing Jetpay along

and causing JetPay to incur more losses as the defendants continued to charge

customers for products that were never shipped. *Id.* ¶¶ 28-30.

JetPay filed this case in state court, whereupon the defendants removed the

case to this court. The plaintiff then amended its complaint, and the defendants now

move to dismiss the amended complaint.

JetPay alleges the following claims against the defendant Miller: (1) negligent

misrepresentation; (2) fraud; (3) unjust enrichment; (4) unfair competition under

California Business and Professional Code § 17200; (5) breach of fiduciary duty of

care under Delaware law; (6) breach of fiduciary duty of loyalty under Colorado law;

and (7) civil conspiracy to defraud. JetPay brings the following claims against the

defendant Shih: (1) negligent misrepresentation; (2) common law fraudulent

inducement; (3) unfair competition under California Business and Professional Code

§ 17200; (4) breach of fiduciary duty of care under Delaware law; (5) breach of fiduciary duty of loyalty under Colorado law; and (6) civil conspiracy to defraud. Jetpay brings a claim against defendant Kelly for civil conspiracy to defraud.

The defendants contend that the plaintiff has failed to state a claim against them on which relief can be granted.

## II.  ANALYSIS

### A.  Choice of Law

While the parties agree that California, Michigan, or Texas law may apply to JetPay's claims, they disagree about whether the relevant law of those three states is in conflict.[1]  At this point the parties have not sufficiently briefed the issue of which substantive law will apply, so the court merely notes the issue, which will need to be addressed early in the case.

### B.  Defendants' Motion to Dismiss

#### 1.  *Standard for Dismissal Under Rule 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted

---

[1]    *See* Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Response") at 2-3 (pointing out conflicts between Texas, California, and Michigan law related to the economic loss doctrine and the statute of limitations for negligent misrepresentation).

only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir.1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir.1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir.1982), *cert. denied*, 464 U.S. 932 (1983).

## 2. *Fraud*

In its amended complaint, the plaintiff has asserted claims of fraud against the defendants Miller and Shih.  The defendants move to dismiss the fraud counts against the defendants Miller and Shih under FED. R. CIV. P. 12(b)(6) on the ground that, *inter alia*, the plaintiff has failed to plead these claims with the specificity required by FED. R. CIV. P. (9)(b).  *See* Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") at 13-22.

### a. Rule 9(b) Standard

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  When, however, a defendant is charged with fraudulent activity, the plaintiff must state with particularity the circumstances constituting fraud.[2]  FED. R. CIV. P. 9(b).  Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and

---

[2]    As the Fifth Circuit has noted, the purpose of the heightened pleading standard of Rule 9(b) is to provide defendants with fair notice of the plaintiff's claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent a plaintiff from filing baseless claims in an attempt to discover unknown wrongs.  *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1067 (5th Cir. 1994).

explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (stating that Rule 9(b) requires the plaintiff to lay out "the who, what, when, where, and how" of the alleged fraud). If the facts pleaded in a complaint are within the opposing party's knowledge, fraud pleadings may be based on information and belief. See *Tuchman*, 14 F.3d at 1068.

Rule 9(b) permits a plaintiff to allege generally the defendant's intent to commit fraud. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). A mere allegation that the defendant had the requisite intent, however, will not satisfy Rule 9(b). *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir.1994); *Tuchman*, 14 F.3d at 1068. To adequately plead fraudulent intent, the plaintiff must set forth specific facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068. The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show the defendant's motive. See *id.*

b. The Fraud Claim Against Miller

The defendants allege that the plaintiff's fraud claim against Miller fails to meet the requirements of Rule 9(b). *See* Motion to Dismiss at 18-22. In support of its fraud claim, JetPay alleges that Miller provided misinformation during an October

2006 meeting with JetPay's president regarding the cause of the account's chargeback issue, stating that the chargebacks were occurring because customers were dissatisfied with the products, and further that Miller omitted the fact that USN was not shipping products to its customers. *See* Amended Complaint ¶ 25. JetPay further claims that Miller made these assertions/omissions intending that Jetpay rely on them, and that JetPay did in fact reasonably rely on Miller's representations to its detriment. *Id.* ¶¶ 39-43. The court finds that the plaintiff's allegation of Miller's conduct in dealing with JetPay is sufficiently detailed to meet the requirements of Rule 9(b).

The defendants urge several additional reasons for dismissing the fraud claim against Miller. *See* Motion to Dismiss at 20-22. Regarding the plaintiff's allegation of fraud by omission, the defendants claim that Miller owed no duty to JetPay to disclose information related to USN's shipping practices. *See* Motion to Dismiss at 20. However, a duty to disclose information may arise where one makes a partial disclosure and conveys a false impression. *Lesikar v. Rappeport*, 33 S.W.3d 282, 299 (Tex. App.--Texarkana 2000, pet. denied). The defendants claim a lack of causation, but viewing the facts in a light most favorable to the nonmovant, the court finds that causation has been adequately pled. Also, at this point it cannot be said that the plaintiff's reliance on Miller's statements was unreasonable, or that the plaintiff failed to plead facts establishing Miller was aware he was making a material omission.

Indeed, as the plaintiff notes, under Rule 9(b)'s particularity requirements, "[m]alice, intent, knowledge, and other condition of the mind of a person may be averred generally." Fᴇᴅ. R. Cɪᴠ. P. 9(b); Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Plaintiff's Response") at 22. Therefore, the court denies the defendants' motion to dismiss the plaintiff's fraud claim against the defendant Miller.

c. The Fraud Claim against Shih

The defendants also maintain that the fraudulent inducement count against Shih fails to meet the requirements of Rule 9(b) and should therefore be dismissed. *See* Motion to Dismiss at 19. "Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations . . . . [This] legal duty . . . is separate and independent from the duties established by the contract itself." *Formosa Plastics Corporation USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998). Thus, in Texas, "tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Id*. at 47. The plaintiff has alleged that Shih made false representations and fraudulent omissions regarding the manner in which USN shipped its products, intending JetPay to rely on the representations to its detriment. *See* Amended Complaint ¶¶ 53-59.

Accordingly, because the defendants have not shown that JetPay could prove no set of facts to support a fraudulent inducement claim, the defendant Shih is not entitled to dismissal of the fraudulent inducement claim.

### 3. *Negligent Misrepresentation*

The defendants also aver that the plaintiff's claims against Miller and Shih for negligent misrepresentation must be dismissed. Here, the plaintiff's negligent misrepresentation claims for each defendant are based on the same factual allegations as the fraud claims, respectively. *See* Amended Complaint ¶¶ 32, 38, 48, 54. The plaintiff claims that "[d]efendant . . . Miller made false representations and negligent omissions to JetPay," *id*. ¶ 32, and that "[d]efendant . . . Shih made false representations and fraudulent omissions to JetPay." *Id*. ¶ 48. Therefore, the plaintiff's averment of negligent misrepresentations must be examined pursuant to Rule 9(b), and any inadequately pled averments must be dismissed. See *American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*, 362 F.Supp.2d 744, 749-50 (N.D. Tex. 2005) (discussing the application of Rule 9(b) to claims of negligent misrepresentation). Just as the plaintiff met the specificity requirements of Rule 9(b) for its fraud allegations, so too has the burden been satisfied here.

The defendants also aver that the plaintiff's negligent misrepresentation claims against Miller and Shih fail because those defendants owed no duty to the plaintiff. In Texas, the elements of a negligent misrepresentation claim are as follows: (1) the

defendant made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Roof Systems, Inc. v. Johns Manville Corporation*, 130 S.W.3d 430, 438 (Tex. App.--Houston [14th Dist.] 2004, no pet.). The Texas Supreme Court has held that "[n]egligent misrepresentation implicates only the duty of care in supplying commercial information; honesty or good faith is no defense." *D.S.A., Inc. v. Hillsboro Independent School District*, 973 S.W.2d 662, 664 (Tex. 1998). Courts in Texas have found this duty to exist in numerous situations, all of which involved a defendant in a position of trust. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999). However, "[e]ven without a special relationship, there is always a duty to correct one's own prior false or misleading statement." *Trustees of the Northwest Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir. 1994), *cert. denied*, 513 U.S. 1155 (1995). The plaintiff alleges that the defendants misinformed JetPay on several separate occasions, and that they did so without exercising reasonable care and competence. *See* Amended Complaint ¶¶ 20, 25, 28-29. If the plaintiff's allegations can be proven, then the defendants

would have had a duty to correct what they had represented to the plaintiff.  Thus, the plaintiff has sufficiently alleged that defendants had a duty to the plaintiff.

The defendants next argue that JetPay's negligent misrepresentation claims should be dismissed because JetPay could not have reasonably relied on the defendants' statements.  *See* Motion to Dismiss at 21.  With regard to both the claim against Miller and the claim against Shih, the plaintiff's burden at this stage of the litigation is only to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (citing FED. R. CIV. P. 8(a)(2)).  The plaintiff has alleged that it did rely on the defendants' statements.  *See* Amended Complaint ¶¶ 35, 51.  In this case, the determination of whether JetPay's reliance on those statements was reasonable will require a fact intensive examination, and such an examination is improper at this stage of the case.  The defendants have not shown that JetPay could prove no set of facts that would allow it to establish that it had reasonably relied on the defendants' statement.  Thus, the court finds that the plaintiff has sufficiently alleged that it reasonably relied on the alleged misrepresentations, and as a result the court cannot dismiss JetPay's negligent misrepresentation claims on this ground.  The court further finds that the plaintiff has sufficiently pled the causation element.

Finally, the defendants Miller and Shih seek dismissal of the plaintiff's negligent misrepresentation claims based on the economic loss rule.  The defendants

contend that the plaintiff's alleged injury results from a breach of contract and as such, it sounds only in contract. The economic loss rule provides that "to be entitled to damages for negligence, a party must plead and prove something more than mere economic harm." *Strauss v. Ford Motor Company*, 439 F.Supp.2d 680, 688 (N.D. Tex. 2006) (quoting *Blanche v. First Nationwide Mortgage Corporation*, 74 S.W.3d 444, 453 (Tex.App.--Dallas 2002, no pet.). However, at this stage of the case, it is premature to determine whether or not the economic loss doctrine is applicable. As the plaintiff indicates, depending on which state's law governs, the economic loss doctrine may or may not be a valid defense, and until the choice of law issue is settled, the court will not speculate on how the doctrine may or may not apply.

The court finds that the plaintiff has met its burden regarding the claims for negligent misrepresentation, and therefore the defendants' motion to dismiss those claims is denied.

### 4. *Conspiracy*

The defendants move to dismiss the plaintiff's claim of civil conspiracy, arguing that (1) the plaintiff failed to plead facts establishing a conspiracy between Shih and Miller; (2) the plaintiff failed to adequately allege the involvement of Kelly; and (3) that as a matter of law, there can be no conspiracy to commit negligence. *See* Motion to Dismiss at 9-10.

The requirements for pleading conspiracy to commit fraud are: (1) two or more persons; (2) who have a meeting of the minds; (3) on an unlawful objective; (4) and who commit one or more unlawful, overt acts in furtherance of the objective; (5) that proximately causes damages to the plaintiff. See *Operation Rescue-National v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 975 S.W.2d 546, 553 (Tex. 1998). Based on the content of the plaintiff's amended complaint and allegations contained therein, the plaintiff has met its burden. *See* Amended Complaint ¶¶ 71-76 (describing with sufficient particularity the elements of the alleged conspiracy). The defendants contend that because Miller and Shih were not employed by USN at the same time, they "had no opportunity to conspire." Motion to Dismiss at 9-10. This argument does not conclusively negate, however, JetPay's ability to prove the allegations of civil conspiracy between Miller and Shih.

With respect to the involvement of Kelly, it is not necessary that the plaintiff provide detailed allegations of his participation in the conspiracy; merely planning, encouraging, or assisting the acts of the wrongdoer is sufficient. See *In re Arthur Andersen LLP*, 121 S.W.3d 471, 482 (Tex.App.--Houston [14th Dist.] 2003, no pet.) (explaining that a party may be liable for conspiracy to commit fraud without being liable for the underlying fraud due to the derivative nature of the conspiracy tort). At this point, it would be premature to dismiss the claim against Kelly.

For the reasons discussed above, the defendants' motion to dismiss the plaintiff's civil conspiracy claim is denied.

### 5. *Unjust Enrichment*

The defendants argue that the plaintiff has failed to state a claim for unjust enrichment because JetPay failed to explain "what the benefit might be or how . . . Miller retained such a benefit." *See* Motion to Dismiss at 10. In Texas, the unjust enrichment doctrine applies the principles of restitution to disputes which, for one reason or another, are not governed by a contract between the contending parties. *Burlington Northern Railroad Company v. Southwestern Electric Power Company*, 925 S.W.2d 92, 97 (Tex. App.--Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex.1998).

The plaintiff alleges in its amended complaint that Miller has "unjustly received a benefit from his wrongful conduct which it would be unjust for him to retain." *See* Amended Complaint ¶ 46. The plaintiff further alleges that Miller obtained this benefit by deceiving JetPay throughout the course of the business dealings between USN and JetPay. See *id*. ¶ 45.

The court concludes that the plaintiff has stated a valid claim of unjust enrichment. Accordingly, the defendants' motion to dismiss the plaintiff's unjust enrichment claim is denied.

## 6. *Breach of Fiduciary Duty*

The plaintiff asserts that the defendants Miller and Shih both committed a breach of fiduciary duty to JetPay under Delaware and Colorado law. *See* Amended Complaint ¶¶ 63-66, 67-70. Jetpay claims that at all times relevant to their business dealings, USN was insolvent or on the brink of insolvency, and that as a result of USN's financial situation, the defendants, as officers and/or directors of USN, owed a fiduciary duty to the plaintiff as a creditor of USN. *Id*.

The defendants argue in their motion to dismiss that under Delaware law, a creditor has no right, as a matter of law, to bring a claim for breach of fiduciary duty against the directors and officers of a company that is insolvent or in the zone of insolvency. *See* Motion to Dismiss at 5. The recent decision of the Delaware Supreme Court in *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, __ A.2d __, No. 521,2006, 2007 WL 1453705 at *2 (Del. May 18, 2007) supports the defendants' contention. *Gheewalla* explains that, whether the corporation is insolvent or in the zone of insolvency, directors "do not owe creditors duties beyond the relevant contractual terms." *Id.* at *6. Accordingly, the claims in count 7 of the amended complaint must be dismissed.

Under Colorado law, however, the standing of creditors to bring suit against directors and officers for breach of fiduciary duty is not so simple an issue. The defendants attempt to lump together the holding of *Gheewalla* with the law of

Colorado, though it does not appear that the two states view the fiduciary duty issue in the same light. *See* Motion to Dismiss at 5-6. The defendants argue that the holding in *Alexander v. Anstine*, 152 P.3d 497 (Colo. 2007), deprives the plaintiff of standing to assert a cause of action. The holding in *Anstine*, however, applies to creditors attempting to bring *derivative* claims of an insolvent corporation against the directors and officers; the case does not completely eliminate the standing of a creditor to sue directors and officers for breach of fiduciary duty. *Id*. More specifically, the court in *Anstine* noted that "[o]fficers and directors of an insolvent corporation owe creditors a duty to avoid favoring their own interests over creditors' claims." *Id.* at 498. This duty, though perhaps limited, still presents a valid avenue for the plaintiff to pursue.

The defendants argue further that the plaintiff has failed to sufficiently allege that USN was insolvent. *See* Motion to Dismiss at 6. The plaintiff met its burden under Rule 12(b)(6), however, by alleging in the amended complaint that "[a]t all times JetPay and USN were doing business pursuant to the [agreement], USN was insolvent or on the brink of insolvency." *See* Amended Complaint ¶ 68. Finally, the defendants contend that Shih cannot be held liable for actions taken by the corporation after his departure from USN corporation. *See* Motion to Dismiss at 8. However, the two cases relied on to support the defendants' position are effectively distinguished by the plaintiff. JetPay alleges that Shih participated in the breach of

fiduciary duty *before* leaving USN, which stands in contrast to the director whose

claims were dismissed in *Rosebud Corp. v. Boggio*, 39 Colo. App. 84, 91, 561 P.2d 367,

373 (1977).  The director in *Rosebud* did not participate in the conduct giving rise to

the cause of action, and consequently the claims against her were dismissed.[3]  *Id*.

JetPay claims that Shih, in failing to properly ensure that USN fulfilled its orders to

customers, breached the fiduciary duty owed to JetPay.  *See* Amended Complaint

¶ 65.  At this stage of the proceedings, it is too soon to determine whether or not

JetPay's claim of breach of fiduciary duty will be successful, but the court finds that

the plaintiff has sufficiently alleged a cause of action with respect to both defendants,

and as a result the motion to dismiss count 8 of the amended complaint is denied.

### 7.  *California Unfair Competition Claim*

The final set of claims asserted against the defendants fall under the unfair

competition portion of the California Business and Professional Code § 17200, which

states in relevant parts that:  "unfair competition shall mean and include any

unlawful, unfair or fraudulent business act or practice."  CAL. BUS. & PROF. CODE

§ 17200 *et seq.* (known in California as the "Unfair Competition Law" or "UCL").

JetPay alleges that both Shih and Miller engaged in "unlawful, unfair, and fraudulent

---

[3]       Similarly, the defendants' reliance on *In re Walt Disney Company Derivative Litigation*, 906 A.2d 27, 51 (Del. 2006), is misplaced.  In *Disney*, the Delaware court determined that once the defendant was no longer a director, she owed no duty to the corporation or its shareholders.  *Id.*

business practices," and that said practices caused the plaintiff damages. *See* Amended Complaint ¶ 61.

The defendants insist in their motion to dismiss that JetPay has filed to plead facts establishing that Miller and Shih engaged in either unlawful conduct or unfair practices, and additionally that JetPay cannot qualify as a consumer, a prerequisite for a claim under the "fraudulent" prong of the statute.

### a. "Unlawful" Business Practices

Under the UCL, "the 'unlawful' prong of the [statute] proscribes 'anything that can be properly . . . called a business practice and that at the same time is forbidden by law.'"  See *Natural Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1074 (C.D. Cal. 2003) (quoting *Smith v. State Farm Mutual Auto Insurance Company*, 93 Cal. App.4th 700, 717-18 (2001)). The "unlawful" practices prohibited by the UCL are "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App.4th 832, 838-39 (1994).

In this case, the plaintiff has not alleged that the defendants violated any particular law. The plaintiff claims in its response to the motion to dismiss that "it is extremely plausible that Defendants committed one or more unlawful acts, including mail fraud, credit card fraud, or wire fraud." Plaintiff's Response at 12. However, on the face of the complaint, it does not appear that the plaintiff has properly pled a

cause of action under this portion of the UCL, and therefore, to the extent that the plaintiff's claims are based on the "unlawful" prong of the UCL, the claim fails as a matter of law.

b. "Unfair" Business Practices

The second type of business practice proscribed by the UCL is any act or practice that is "unfair," a term that has been defined "broadly in order to provide the courts with the maximum discretion to prohibit new schemes to defraud." See *DIRECTV*, 319 F.Supp.2d at 1075. The test for determining whether or not a practice is unfair, under California law, is "whether the gravity of the harm to the victim outweighs the utility of the defendant's conduct." *Id.* (quoting *People ex rel. Renne v. Servantes*, 86 Cal. App.4th 1081, 1095 (2001)).

The defendants argue that the plaintiff here lacks standing to bring a claim for unfair practices under the UCL. *See* Motion to Dismiss at 12. The defendants base their argument on the fact that JetPay is not a "consumer" or a member of the general public. *Id.* However, California courts have adopted a broad interpretation of the "unfair" prong, stating specifically that "[n]owhere does the Court suggest that a plaintiff must be a member of the general public in order to allege a UCL 'unfair' claim against a non-competitor defendant." *DIRECTV*, 319 F.Supp.2d at 1077. Therefore, because the plaintiff has alleged conduct that could be considered "unfair"

under California law, the defendants' motion to dismiss is denied with respect to the "unfair" prong of the UCL.

### c. Fraudulent Business Practices

The third prong of the UCL involves fraudulent activities, defined as those activities likely to deceive the public. *DIRECTV*, 319 F.Supp.2d at 1077. To state a claim under the third prong of the UCL, the plaintiff must allege that the public was impacted by the actions of the defendants. *Id.* at 1078. The plaintiff has met its burden under Rule 12(b)(6), alleging harm to the public in the amended complaint, and thus this claim will survive the motion to dismiss. *See* Amended Complaint ¶ 26 (discussing USN's failure to ship products to customers).

### III. CONCLUSION

For the above stated reasons, the defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. The motion to dismiss the breach of fiduciary duty claim under Delaware law and the "unlawful" prong of the unfair competition claim is **GRANTED**; the motion to dismiss the remaining claims is **DENIED**.

**SO ORDERED**.

September 17, 2007.

_____
A. JOE FISH
CHIEF JUDGE